IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

OMAR ORDUNO-RAMIREZ,

    Defendant.

Case No. 14-20096-JAR-07

**MEMORANDUM AND ORDER**

This matter comes before the Court on *pro se* Defendant Omar Orduno-Ramirez's Motion for Compassionate Release (Doc. 761) under 18 U.S.C. § 3582(c)(1)(A).[1] The Government has filed a response brief. Defendant did not reply. As explained more fully below, the Court dismisses Defendant's motion for failure to exhaust his administrative remedies.

**I.    Background**

Defendant was charged in a Superseding Indictment with conspiracy and possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846.[2] On April 13, 2016, Defendant pleaded guilty to the offense with no plea agreement.[3] On January 12, 2017, the Court imposed a sentence of 144 months' imprisonment, followed by five years' supervised release.[4] Defendant appealed his sentence,

---

[1] Because Defendant appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Doc. 47.

[3] Doc. 276.

[4] Doc. 500 at 180–83.

contending the Court erred in failing to apply a minor role adjustment.[5] The Tenth Circuit affirmed, upholding the Court's findings as to his role in the conspiracy.[6]

On March 28, 2019, the Federal Public Defender filed a § 2255 motion on Defendant's behalf, arguing that the Government violated the Sixth Amendment by intentionally and unjustifiably intruding into his attorney-client relationship. The Court denied this motion,[7] and the Tenth Circuit affirmed.[8]

Defendant now asks the Court to reduce his sentence based on two grounds: (1) that he has established extraordinary and compelling reasons warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and (2) under Amendment 821 to the United States Sentencing Guidelines. He also seeks appointment of counsel to assist him with his motion. On December 19, 2023, the Court denied as premature Defendant's motion to reduce sentence to the extent it was based on Amendment 821, and directed the government to respond to his remaining request for compassionate release.[9]

Petitioner's scheduled release date is January 13, 2025.

## II.     Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[10] Section 3582(c)(1)(A), as amended by the First

---

[5] Docs. 151, 531.

[6] 719 F. App'x 830, 833–34 (10th Cir. 2017).

[7] Doc. 691.

[8] 61 F.4th 1263 (10th Cir.), *cert. denied*, 144 S. Ct. 388 (2023).

[9] Doc. 765.

[10] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

Step Act of 2018,[11] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[12] The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[13] If the court grants the motion, however, it must address all three steps.[14]

### III.  Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[15] But when "properly invoked," mandatory claim-processing rules "must be enforced."[16] Here, the Government argues that this Court must dismiss Defendant's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement. Defendant offered no evidence of exhaustion in

---

[11] Pub. L. No. 115-391, 132 Stat. 5194.

[12] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[13] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[14] *McGee*, 992 F.3d at 1043 (citation omitted).

[15] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[16] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

his motion, and he did not file a reply responding to the Government's invocation of the exhaustion rule. Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's compassionate release motion without prejudice to filing a new one if and when he exhausts his administrative remedies.[17]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Omar Orduno-Ramirez's Motion for Compassionate Release (Doc. 761) under 18 U.S.C. § 3582(c)(1)(A) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated: February 1, 2024

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[17] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").